IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>SGT. ESPINOZA, et al.,<br><br>    Defendants. | No. C 15-4130 RMW (PR)<br><br>ORDER OF DISMISSAL WITH<br>LEAVE TO AMEND |

Plaintiff, a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

1  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged deprivation was committed by a person acting under the color of state law. West v.
5  Atkins, 487 U.S. 42, 48 (1988).

6  B.    Plaintiff's Claims

7      Plaintiff first alleges that defendant Sergeant Espinoza sexually assaulted him on
8  December 10, 2014, when conducting a clothed body search. Plaintiff raises this claim under the
9  Eighth Amendment. Plaintiff further claims that Warden M.E. Spearman exhibited deliberate
10 indifference by failing to intervene in this assault.

11     A sexual assault on an inmate by a guard is actionable as an Eighth Amendment
12 violation. See Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000). When prison officials
13 maliciously and sadistically use force to cause harm, as in the case of an attempted rape of a
14 prisoner, contemporary standards of decency are always violated, see Hudson v. McMillan, 503
15 U.S. 1, 9 (1992), and no lasting physical injury is required to state a cause of action. See
16 Schwenk, 204 F.3d at 1198; Wood v. Beauclair, 692 F.3d 1041, 1050-1051 (9th Cir. 2012)
17 (prisoner-plaintiff need not produce evidence of specific psychological or physical harm from
18 non-consensual sexual contact; objective prong of Eighth Amendment claim is satisfied if the
19 officer's actions are "offensive to human dignity").

20     Here, plaintiff's claim of sexual assault does not allege that Sgt. Espinoza used any force,
21 much less maliciously or sadistically, to cause harm. In addition, plaintiff's claim against
22 Warden Spearman is also insufficient. "Absent vicarious liability, each Government official, his
23 or her title notwithstanding, is only liable for his or her own misconduct." Ashcroft v. Iqbal, 556
24 U.S. 662, 677 (2009). A supervisor may be liable under section 1983 upon a showing of (1)
25 personal involvement in the constitutional deprivation or (2) a sufficient causal connection
26 between the supervisor's wrongful conduct and the constitutional violation. Henry A. v.
27 Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th
28 Cir. 2011)). In a claim alleging deliberate indifference, a plaintiff must state that the supervisor

Order of Dismissal with Leave to Amend
P:\PRO-SE\RMW\CR.15\Davis130dwla.wpd    2

knowingly acquiesced to the violation.  See Iqbal, 556 U.S. at 1074-75 & n.18.  Here, plaintiff does not allege that Warden Spearman was personally involved in this assault, that Warden Spearman committed any wrongdoing, or that Warden Spearman knew about the assault at all.  Thus, plaintiff's sexual assault claim against Sgt. Espinoza and Warden Spearman is DISMISSED with leave to amend.

Next, plaintiff claims that Correctional Officer N. Garret, a female, subject plaintiff to a pat down, clothed body search.  Plaintiff alleges that he requested a search to be conducted by a male correctional officer because plaintiff's Muslim belief was that he must be searched by a male.  Correctional Officer N. Garret refused, and yelled at him.  However, plaintiff merely claims that Correctional Officer N. Garret acted unprofessionally and abused her authority.  He has failed to state a cognizable claim for relief.  Cf. Jordan v. Gardner, 986 F.2d 1521, 1524-25 (9th Cir. 1993) (en banc) ("Although the inmates here may have protected privacy interests in freedom from cross-gender clothed body searches, such interests have not yet been judicially recognized.").  Thus, this claim is DISMISSED with leave to amend.

Next, plaintiff claims that on July 22, 2014, Correctional Lieutenant C. Freeman ordered Lieutenant Kahn to subject plaintiff to a mandatory random urine test because plaintiff refused to withdraw a citizen's complaint against Correctional Officer N. Garret.  Plaintiff asserts that Correctional Lieutenant Freeman and Kahn violated his Eighth Amendment rights and right to Equal Protection.  However, liberally construed, these facts do not state a claim under the Eighth Amendment or a violation of the Equal Protection Clause.  They could state a claim for retaliation; however, plaintiff has not raised that claim.  Thus, the claims against Lieutenant C. Freeman and Lieutenant Kahn are DISMISSED with leave to amend.

Finally, plaintiff alleges that Correctional Officer Z. Brown violated his right to due process when he falsified a rules violation report that alleged that plaintiff refused to submit to the mandatory random urine test.  At the rules violation hearing, Lieutenant R. Cruz was the hearing officer, and plaintiff claims that Cruz denied plaintiff his right to call witness Tariq Aquil.  Liberally construed, plaintiff appears to have stated a claim that Correctional Officer Z. Brown and Lieutenant R. Cruz violated his right to due process.

1  However, the court will dismiss the entire complaint with leave to amend. The complaint
2  has several claims that may not be properly joined under Federal Rule of Civil Procedure 20(a).
3  Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to
4  relief is asserted against them jointly, severally, or in the alternative with respect to or arising out
5  of the same transaction, occurrence, or series of transactions or occurrences" and if "any
6  question of law or fact common to all defendants will arise in the action."  Plaintiff's complaint
7  concerns several different incidents that may not be connected. In his amended complaint,
8  plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of
9  transactions or occurrences and (b) present questions of law or fact common to all defendants
10 named therein. Plaintiff must choose what claims he wants to pursue in this action that meet the
11 joinder requirements.[1]

## CONCLUSION

13    For the foregoing reasons, the court hereby orders as follows:

14    1.    Plaintiff's complaint is DISMISSED with leave to amend.

15    2.    If plaintiff can cure the pleading deficiencies described above, he shall file an
16 AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended
17 complaint must include the caption and civil case number used in this order (C 15-4130 RMW
18 (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must
19 indicate which specific, named defendant(s) was involved in each cause of action, what each
20 defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.
21 Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an
22 amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that
23 demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an**
24 **amended complaint within thirty days and in accordance with this order will result in the**
25 **dismissal of this complaint without prejudice.**

26    3.    Plaintiff is advised that an amended complaint supersedes the original complaint.

---

[1] Plaintiff can pursue a separate action arising from events in a different occurrence or transaction.

Order of Dismissal with Leave to Amend
P:\PRO-SE\RMW\CR.15\Davis130dwla.wpd          4

1  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

4.  It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  1/7/2016

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge